# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**KEITH WILLIAM RYCHLIK,**

    **Plaintiff,**

v.                                                                    Case No. 2:18-cv-00004

**ROB MONTGOMERY,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This civil action is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT PROCEDURAL HISTORY

On January 2, 2018, while incarcerated at the South Central Regional Jail in Charleston, West Virginia, the plaintiff filed a Complaint under 42 U.S.C. § 1983 (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). The Complaint alleges, in a conclusory manner, that Rob Montgomery, a Family Court Judge in Kanawha County, West Virginia, was disrespectful and rude to the plaintiff during the course of judicial proceedings involving the plaintiff, and that Judge Montgomery was very [unprofessional] on the job." (ECF No. 2 at 4). The Complaint further states:

> [H]e made fun of me in the courtroom and he gave me a dirty look. I fear for my life went [sic; when] I see him. [H]e [does] not understand nothing about people with feelings and the same about people with disability that is deaf like me and like me I have a hard time understanding things. He made

> fun of me in court and he does not care about people like me.
>
> I have videotape of the court hearing on 8/15/17 and the same about 9/15/17, but I was not in court on 9/15/17. I tell Rob I can't hear that good and I do not do business over the phone I had a hard time understanding what is going on and he hung up on me like a kid he is. I was very uncomfortable that day on the phone and they give me a 20 year DVP on me for nothing they is no just thing 20 year DVP they is 30, 60, 90, 180 day DVP.

(*Id.* at 4-5). The relief section of the Complaint states as follows:

> Help me to understand the case and willing to work with me because I'm a disability person that is deaf and I'm a handicapp [sic; handicapped] too and not look at me differen[tly] and make me feel good about my own skin. I have a learning disability and I have [autism] too and I have to be face to face to read they [sic; their] lip[s].

(*Id.* at 5).

The sole defendant named in the Complaint is Judge Rob Montgomery. As addressed below, Judge Montgomery is entitled to judicial immunity on the plaintiff's claims. Accordingly, the undersigned is filing this Proposed Findings and Recommendation recommending that the presiding District Judge dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, for failure to state a claim upon which relief can be granted.

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff who seeks to proceed *in forma pauperis*, and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. In the instant case, both statutes are applicable.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

3

## ANALYSIS

The plaintiff has named the Rob Montgomery, Family Court Judge of the Circuit Court of Kanawha County, as the sole defendant. Concerning the allegations contained in the Complaint, Judge Montgomery was a judicial officer who was engaged in his official judicial duties in connection with the plaintiff's case when all of the challenged conduct allegedly occurred. It is firmly settled that judges are immune from liability for damages for acts committed within their judicial jurisdiction, even when the judge is accused of acting maliciously and corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The *Pierson* Court further found that:

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making, but to intimidation.
>
> We do not believe that this settled principle of law was abolished by § 1983, which makes liable "every person" who under color of law deprives another person of his civil rights. The legislative record gives no clear indication that Congress meant to abolish wholesale all common-law immunities.

*Id.* Due to the clear and unequivocal application of absolute judicial immunity, the plaintiff's claims against Judge Montgomery should be dismissed with prejudice.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint against defendant Montgomery is barred by absolute judicial immunity and, thus, fails to state a claim upon which relief can be granted against him.

Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and the dicatates of *Twombly* and *Iqbal*, and **DENY AS MOOT** the plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 3).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.[1]

May 30, 2018

Dwane L. Tinsley
United States Magistrate Judge

---

[1] A search of the online databases for the WVRJCFA and the West Virginia Division of Corrections indicates that the plaintiff is no longer in custody in the State of West Virginia. The plaintiff separately filed motions to transfer or change venue in which he indicated that he would soon be moving back to the State of New York. The plaintiff's Complaint lists an address in Central Islip, New York as an alternative address. The Clerk is **DIRECTED** to mail this Proposed Findings and Recommendation and other orders filed herein to that address.